UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SARA SMITH | CIVIL ACTION: 5:19-cv-204 |
| VERSUS | |
| | JUDGE: |
| GHOLIA BROS TRUCKING, LLC, | |
| NORTHLAND INSURANCE COMPANY, | |
| AND DAVID M. PARKER | MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

NORTHLAND INSURANCE COMPANY and GHOLIA BROS TRUCKING, LLC files this Notice of Removal of this cause from the 1st Judicial District Court, Parish of Caddo, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, Shreveport Division. This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 1st Judicial District Court, Parish of Caddo, State of Louisiana, with citation and plaintiff's petition for damages setting forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto. Exhibit "1" *in globo*.

2. This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana and domiciled in Caddo Parish.

4.  Gholia Bros Trucking, LLC is a foreign limited liability company, formed in the State of Washington, with its principal place of business located at 14128 SE 2851st Pl., Covington, Washington 98042. The sole member of the limited liability company is Harb Sidhu, who is domiciled in the State of Washington, with his mailing address declared to be 14128 SE 2851st Pl., Covington, Washington 98042.

5.  David M. Parker is a citizen of the State of Idaho, domiciled at 4470 E. 16th Avenue, #8, Post Falls, Idaho 83854.

6.  Northland Insurance Company is a foreign corporation, incorporated in the State of Minnesota with its principal place of business located at 385 Washington Street, St. Paul, MN 55102, and is wholly owned by its parent corporation, The Travelers Companies, Inc. that is incorporated in Connecticut with its principal place of business located at, One Tower Square, Hartford, Connecticut 06183.

7.  Upon information and belief, defendant, Northland Insurance Company was served through the Louisiana Secretary of State on January 28, 2019. Upon information and belief, Defendants, Gholia Brothers was served via Long Arm Service on January 22, 2019. Upon information and belief, David M. Parker has not been served at this time. Long Arm Service on David Parker was issued by the Caddo Parish Clerk of Court on January 9, 2019. No return or Affidavit of Service have been filed. Defendant Gholia Bros Trucking, LLC consents to removal.

8. The above described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff counsel has pled in Paragraphs 8 and 9 of plaintiff's Petition for Damages, that plaintiff has suffered various injuries resulting in physical pain and suffering, mental anguish and/or emotional distress, disability and/or impairment, lost wages and/or loss of earnings capacity and medical expenses, as stated in the Petition for damages. Further, Plaintiff Smith is under orthopedic and/or pain management care for her injuries to her lower back, neck and left shoulder. Plaintiff is requesting continued care and has not completed her medical treatment, alleging future medical and lost earnings capacity claims, as well as functional impairment and disability

9. Additionally, defendants presented plaintiff's counsel with a stipulation agreement stating the amount in controversy regarding plaintiff's claims for damages, exclusive of interests and costs, do not exceed $75,000.00. *See Exhibit "2"*. Plaintiff's counsel has failed to so stipulate. Therefore, pursuant to the provisions of 28 USC 1441, this case can be removed to the United States District Court for the Western District of Louisiana, Shreveport Division, as the amount in controversy is in excess of $75,000 based on the petition and representations and there is diversity between the parties.

10. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00. ***Ditcharo v. United Parcel Service, Inc.***, 376 Fed. App. 432 (5th Cir. (La) 2010),

states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." FN5 *Grant, 309 F.3d at 869* (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). Plaintiffs may attempt to establish such "legal certainty" by submitting a " 'binding stipulation or affidavit' " with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

11.   Article 893, La. Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Plaintiff did not indicate the lack of federal jurisdiction in the petition; but has provided the factual basis for the amount in controversy to satisfy the jurisdictional requirement herein and has failed to stipulate the amount in controversy is less than the federal jurisdictional threshold.

RESPECTFULLY SUBMITTED:

**MARICLE & ASSOCIATES**

BY:  /s/ Janice M. Reeves
**JANICE M. REEVES (#21237)**
III United Plaza – Suite 350
8545 United Plaza Blvd.
Baton Rouge, LA  70809
Telephone:  (225) 924-9585
Facsimile:   (888) 341-9070

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been this date been forwarded to all counsel of record in this proceeding via facsimile and United States Mail, postage prepaid and properly addressed, pursuant to the Louisiana Code of Civil Procedure 1313.

Baton Rouge, Louisiana, this _____ day of February, 2019.

BY:  /s/ Janice M. Reeves
     **JANICE M. REEVES**